IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Edgar Fox, | ) C/A No. 3:10-2199-CMC-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Rafael A. Douglas; Columbia Police Department; Officer-Edgemon #21180, | ) |
| Defendants. | ) |

This civil action is before the court for initial screening pursuant to 28 U.S.C. § 1915. Plaintiff has filed an Application to Proceed *in forma pauperis* in this case.[1] Plaintiff simultaneously filed a related civil action (C/A No. 3:10-2198-CMC-PJG) against Food Lion LLC Store #194, "Store/Regional Manager," and the "Owner/Manager" of the property occupied by the Food Lion, concerning the same operative facts. The "statement of claim" and "relief" sections of that Complaint are identical to the "statement of claim" and "relief" sections of the instant Complaint.

Plaintiff alleges that he was not allowed to properly check-in his book bag at the counter or with the cashier of the grocery store owned and operated by one of the named defendants in C/A No. 3:10-2198-CMC-PJG, *i.e.* "Food Lion LLC, Store # 194, Store/Regional Manager," which is located at 5118 Fairfield Road, Columbia, SC, the premises owned by another named defendant in C/A No. 3:10-2198-CMC-PJG, *i.e.*

---

[1] Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(b) & (e) DSC, the assigned magistrate judge is authorized to review all motions for leave to proceed *in forma pauperis* and all pretrial proceedings involving litigation by individuals proceeding *pro se,* and to submit findings and recommendations to the district judge.



"Owner/Manager, Property 5118 Fairfield Road." Plaintiff alleges that when he attempted to leave the store he was physically assaulted, detained, illegally handcuffed, and seriously injured by the Defendants in this case, *i.e.* Defendant Rafael A. Douglas and Defendant Officer Edgemon.[2] Plaintiff requests "financial compensation for [his] suffering and change in life style," but his Complaint does not state the specific amount of monetary damages that he seeks. (Comp., ECF No. 1 at 5). Because Plaintiff's Complaint does not allege any facts stating a plausible claim for relief against Defendant Columbia Police Department, his claims against the Police Department are subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted by this Court. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

---

[2] In Plaintiff's Complaint, this Defendant's name is variously spelled Edgemon, Edgemond, Egmond, and Edmond. The spelling used in this Report and Recommendation is the one used by Plaintiff in the caption of his Complaint.



The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the

Page 3 of 10
PJG

plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[3] Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's *factual* allegations, not its legal conclusions. Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555.

---

[3]Although the Iqbal Court was addressing pleading standards in the procedural context of a Rule 12(b)(6) motion, the court finds that those standards also apply in the court's initial screening of a complaint pursuant to §§ 1915(e)(2) and 1915A, since Iqbal discusses the general pleading standards of Rule 8, which apply in all civil actions. Iqbal, 129 S. Ct. at 1949-51. Moreover, §§ 1915(e)(2) and 1915A(b) permit *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in Rule 12(b)(6). See McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009) ("When the word 'dismissed' is coupled with the words '[for] fail[ure] to state a claim upon which relief may be granted,' the complete phrase has a well-established legal meaning.").



Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003).

## BACKGROUND

This action concerns events that occurred at the Food Lion grocery store (store No. 194) located at 5118 Fairfield Road, Columbia, SC. Plaintiff's Complaint does not specify the date and time of the incident. Plaintiff's Complaint alleges Officer Douglas would not allow him to properly check-in his book bag. When Plaintiff informed Officer Douglas that he was leaving the store, Officer Douglas allegedly "followed [Plaintiff] with rage and cursed [him]" and "grabbed [him] by [his] cane and arm and pulled [him] down and back." (Compl., ECF No. 1 at 3). Plaintiff alleges that Officer Douglas threw him into a brick wall and soda machine, "rough[ed] [him] up for sometime," and "cuffed [him] across [his] hands." (Id.) Officer Douglas allegedly took Plaintiff's backpack and cane and "ask[ed] [him] to go with him to the back of the store to process [him]." When Plaintiff said that he could not walk well without his cane, Officer Douglas said "Oh I will get you back there" and "grabbed [his]

*PJG*

shoulder and pulled [him] backward and [he] fell backward, handcuffed illegally onto the sidewalk." (Id. at 3-4.) Plaintiff alleges that Douglas "addressed [him] with profane words and racial comments" during the whole incident. (Id. at 4.) Plaintiff alleges that Officer Edgemon, who arrived as backup for Douglas while Plaintiff was sitting on the sidewalk, "jerked [him] up [from the sidewalk] by [his] shoulder" and "Douglas grabbed [his] legs and they slammed [him] across the car." (Id.) Plaintiff alleges that Edgemon then seemed to have a "change in attitude" and, thereafter, tried to help him into the car and "not allow[ ] Douglas' rough treatment." (Id.) Nevertheless, Plaintiff's legs were still "slam[med] with the door." (Id.) Plaintiff alleges that a third "transport" officer, Baskins, who is not named as a defendant in either case, "noticed [he] was in massive pain" and called an ambulance to transport Plaintiff to the hospital. (Id.) Plaintiff adds that "at first contact Douglas' eyes were red and he smelled of booze." (Id.) Plaintiff alleges that he suffered "head trauma that has led to serious headaches, blurry vision, eye pain, noise pain, jaw, teeth pain, neck, shoulders and back pain. Trouble in my loins, hips, knees and ankles. Also have convulsions and spasms. As well as psychological problems." (Id. at 5.) Plaintiff requests "financial compensation for [his] suffering and change in life style" but does not specify the amount of monetary damages that he seeks. (Id.)

## DISCUSSION

Liberally construed, Plaintiff's Complaint alleges facts to establish a cause of action for violation of his constitutional rights. Section 1983 of Title 42 of the United States Code is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose



of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

The Columbia Police Department is a division of a municipality. Under Monell v. New York City Dept. of Social Serv., 436 U.S. 658, 694 (1978), a municipality may be liable under § 1983 for the violation of a plaintiff's constitutional rights, but "only where the constitutionally offensive actions of employees are taken in furtherance of some municipal 'policy or custom.'" See Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984). Where the alleged policy or custom is a failure on the part of the municipality to adequately train, supervise, or discipline its police officers, liability may be established only where the city's failure "amounts to deliberate indifference to the rights of persons with whom the police come into contact." See City of Canton v. Harris, 489 U.S. 378, 388 (1989); Beck v. City of Pittsburgh, 89 F.3d 966, 971-72 (3d Cir. 1996) (citing cases). Thus, a plaintiff who seeks to assert a § 1983 claim against a municipality for acts done by a municipal official or employee is obliged to "identify a municipal 'policy,' or 'custom' that caused [plaintiff's] injury." Board of Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997) (quoting Monell, 436 U.S. at 694).

In the instant case, Plaintiff alleges that Defendants Douglas and Edgemon, who are officers of the Columbia Police Department, physically assaulted, detained, illegally handcuffed, and seriously injured him. Such allegations may state a cognizable claim



under § 1983 as against these two individual Defendants.  However, Plaintiff makes no allegations that Douglas's and Edgemon's alleged wrongful actions were in furtherance of any policy, custom, or practice of the Columbia Police Department.  Plaintiff's Complaint does not allege that the Columbia Police Department maintains a policy or custom that its officers should engage in police brutality, or that it condones such conduct by its officers.  There is no allegation by Plaintiff that the Columbia Police Department negligently hired, trained, supervised, or disciplined the two individual Defendants in such a manner as to show deliberate indifference to the rights of persons with whom these police officers come into contact.  "The doctrine of *respondeat superior* generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action."  See Monell, 436 U.S. at 694; Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir.1982).  Assuming that the facts alleged in the Complaint are true, Plaintiff makes no allegation that the Columbia Police Department was aware of the alleged actions of Douglas and Edgemon and that the Columbia Police Department was deliberately indifferent to those actions.  Therefore, Plaintiff's Complaint fails to plead a viable *Monell* claim against the Columbia Police Department.  See Walker v. Prince George's Cnty., 575 F.3d 426, 431 (4th Cir. 2009) (citing Semple v. City of Moundsville, 195 F.3d 708, 712 (4th Cir. 1999)).

     Moreover, Plaintiff's Complaint filed in this case is also subject to partial summary dismissal as to Defendant Columbia Police Department because, following a careful review of the Complaint, the undersigned has found that there are no allegations of any kind, much less of wrongdoing, contained in the Complaint against this Defendant.  Under 28 U.S.C. § 1915(e)(2)(B)(i), this Court should dismiss an action which is "frivolous or



malicious." Since there are no allegations whatsoever of any wrongdoing on the part of the Columbia Police Department, Plaintiff's Complaint not only fails to state a claim against the Columbia Police Department on which relief can be granted by this Court, it is "frivolous" as to this Defendant. See Cochran v. Morris, 73 F.2d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); Weller v. Dep't of Social Servs., 901 F.2d 387, 389 n.2 (4th Cir. 1990) (dismissal proper where there were no allegations to support claim); *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999); see also Kuhn v. Milwaukee Cnty., No. 02-3522, 59 Fed. Appx. 148, *2 (7th Cir., Feb. 18, 2003).

## RECOMMENDATION

Accordingly, the court recommends that the Complaint be partially dismissed as to Defendant Columbia Police Department without prejudice and without issuance and service of process. See Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Brown v. Briscoe, 998 F.2d 201 (4th Cir. 1993); Todd v. Baskerville, 712 F.2d 70. (4th Cir. 1983); see also 28 U.S.C. § 1915(e)(2)(B). The Complaint should be served on the remaining Defendants, Rafael A. Douglas and Officer Edgemon #2118.

_____
Paige J. Gossett
United States Magistrate Judge

October 6, 2010
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).