IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kenneth Fox, | C/A NO. 3:10-2199-CMC-PJG |
| Plaintiff, | |
| v. | **OPINION and ORDER** |
| Rafael A. Douglas; Columbia Police Department; Officer-Edgemon #21180, | |
| Defendants. | |

This matter is before the court on Plaintiff's *pro se* complaint, asserting various claims against the above-listed Defendants.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On October 7, 2010, the Magistrate Judge issued a Report recommending that the complaint be dismissed as to Defendant Columbia Police Department (CPD) without prejudice and without issuance and service of process. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on October 25, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection.

*See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff's objections contend, *inter alia*, that "[t]he Columbia Police Department is responsible and liable for the action[s] of both defendants . . . ." Obj. at 3 (Dkt. # 15, filed Oct. 25, 2010). Additionally, he contends that dismissal of the CPD would be premature as liability could be proved if CPD officers were "inexperience[d] or reckless." *Id*. at 2. Plaintiff also urges that CPD could be liable if it failed to "adequately train, supervise, or discipline its police officers." *Id*. at 3.

These objections are without merit. The court is to liberally construe Plaintiff's pleadings as he is *pro se* party. However, Plaintiff is the master of his own complaint, and he has failed to assert a viable cause of action against Defendant CPD.

This action is dismissed without prejudice and without issuance and service of process as to Columbia Police Department. This matter is returned to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 3, 2010